UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phillip Bloodworth,                                    Case No. 3:20-cv-2424

            Plaintiff,

      v.                                                   MEMORANDUM OPINION
                                                           AND ORDER

Mark Pouperd, *et al.*,

            Defendant.

## I. INTRODUCTION

Plaintiff Phillip Bloodworth, proceeding *pro se*, filed suit against several correction officers employed at the Toledo Correctional Institution. (Doc. No. 1). Bloodworth asserts claims against Correction Officer Mark Pouperd, Correction Officer Ford, Correction Officer Petroski, Correction Officer Cleveland, Inspector of Institutional Services Jenkins, Chief Inspector Chris Lambert, and three John Doe defendants for the violation of his Eighth Amendment protection prohibiting the use of cruel and unusual punishment. (Doc. No. 1 at 5-8).

All Defendants have moved to dismiss Bloodworth's claims pursuant to Rule 12(b)(1) and Rule 12(b)(6). (Doc. No. 12). Bloodworth opposed Defendants' motion, (Doc. No. 28), and Defendants filed a brief in reply. (Doc. No. 29).

Bloodworth has filed a motion for a hearing on the issue of Defendants' 11th Amendment immunity, (Doc. No. 4), and three motions for the appointment of counsel. (Doc. Nos. 30, 33, and 37). Defendants have filed two motions to strike Bloodworth's supplement to his complaint, (*see*

Doc. No. 17), and his reply to Defendants' answer. (*See* Doc. No. 25). Those motions have been fully briefed and are now decisional. Bloodworth also has filed a motion for discovery. (Doc. No. 36).

For the reasons stated below, I deny Bloodworth's motions and grant Defendants' motion to dismiss.

## II. BACKGROUND

Bloodworth alleges that, on October 23, 2019, Pouperd assaulted him while he was handcuffed in his cell at the Toledo Correctional Institution. (Doc. No. 1 at 6-7). Bloodworth had requested to speak with a supervisor regarding his complaint that his legal mail was not with the rest of his property from his cell. (Doc. No. 16-1 at 1). When his request was denied, Bloodworth "refused to return the handcuffs" he was wearing. (*Id.*). He alleges that, at this point, Pouperd and other officers entered his cell and assaulted him. (*Id.*). Bloodworth claims Pouperd used the handcuffs "to drag me out [of] the cell and back in on more than one occasion . . . ." (Doc. No. 1 at 6). He asserts Ford, Cleveland, and Petroski all witnessed Pouperd's actions but failed to intervene. Bloodworth further alleges the Defendants failed to make a timely use of force report or to take Bloodworth to medical so he could be examined after the altercation. (*Id.*).

Bloodworth asserts claims pursuant to 28 U.S.C. § 1983 for use of excessive force and deliberate indifference in violation of the Eighth Amendment. (Doc. No. 1 at 6-7). He has sued Defendants in their official and individual capacities. (*Id.* at 7-8).

## III. MOTIONS TO STRIKE

Defendants have filed two motions to strike. Motions to strike typically are aimed at material contained in pleadings. *See Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). This type of motion is designed to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Local 324*

*Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted). Such motions are disfavored. *Id.* The movant must demonstrate the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." 2 Moore's Federal Practice § 12.37[3] (3d ed. 2017).

In Defendants' first motion, they argue I should strike or disregard Bloodworth's declaration and exhibits filed to supplement his complaint because Bloodworth did not comply with Rule 15(a) in attempting to amend his complaint, or otherwise obtain leave of court to file what Defendants describe as "unsolicited discovery documents." (Doc. No. 17 at 2). Defendants misread Rule 15. They argue a plaintiff must always obtain the other party's written consent or leave of court before amending the complaint, (*id.*), but Rule 15 only adds this requirement if more than 21 days have passed since the occurrence of certain specified events. *See* Fed. R. Civ. P. 15(a)(1)-(2). A plaintiff is not required to obtain consent or leave if the amendment is the plaintiff's first amendment and the amendment is filed within "21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B).

Bloodworth filed his declaration and exhibits, which directly relate to the allegations contained in his complaint, on April 8, 2021 – 17 days after Defendants filed their Rule 12 motion to dismiss. (*See* Doc. Nos. 12 and 16). While Bloodworth did not label his filing as an amended complaint, *pro se* filings are to be liberally construed so as to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and Fed. R. Civ. P. 8(f)). Defendants fail to establish it would be fair or just to strike a filing which complies with Rule 15 simply because the *pro se* plaintiff did not label it as an amended complaint. Defendants' first motion to strike is denied.

Defendants' second motion to strike argues I should strike or disregard Bloodworth's reply to Defendants' answer because he was not ordered or given leave to file a reply to the answer. (Doc.

No. 25). Though Bloodworth's filing was not permissible under the Federal Rules of Civil Procedure or this Court's Local Rules, that filing also has no bearing on the resolution of Defendants' motion to dismiss. Therefore, I find the better course of action is not to strike that filing, but to disregard it. *See, e.g., Lombard v. MCI Telecomm. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (disregarding affidavits but not striking them from the record). Defendants' second motion to strike also is denied.

## IV. MOTIONS TO DISMISS

### A. LEGAL STANDARDS

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 615 (6th Cir. 2012) (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

Further, a defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4

**B.     MOTIONS TO DISMISS**

Defendants first argue Bloodworth's official capacity claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because those claims are barred by the Eleventh Amendment. (Doc. No. 12 at 4-5). Bloodworth seeks monetary damages against Defendants in their official capacities for the alleged violation of his constitutional rights. (Doc. No. 1 at 7-8). Money damages are a form of retroactive relief, and because an "official capacity claim for retroactive relief is deemed to be against the State whose officers are the nominal defendants, the claim is barred by the Eleventh Amendment." *Doe v. Wigginton*, 21 F.3d 733, 737 (6th Cir. 1994). Therefore, I grant Defendants' motion to dismiss as to Bloodworth's official capacity claims.

Defendants also argue Bloodworth fails to state a claim upon which relief may be granted as to his individual capacity claims. (Doc. No. 12 at 6-12). Bloodworth's complaint, when "liberally construed," *Erickson*, 551 U.S. at 94, implicates three Eighth Amendment claims: (1) use of excessive force; (2) deliberate indifference to medical needs; and (3) deliberate indifference amounting to a failure to protect. (Doc. No. 1 at 6-7). Defendants contend none of those claims raise a plausible right to relief.

In order to state a claim for a violation of the Eighth Amendment's cruel-and-unusual-punishments clause, the plaintiff must satisfy an objective component (that "the pain inflicted [was] . . . sufficiently serious"), and a subjective component (that the "prison official act[ed] with a sufficiently culpable state of mind"). *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019) (citations and internal quotation marks omitted). In an excessive force inquiry, the central question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Bloodworth fails to plausibly allege facts which support either component. According to Bloodworth, Pouperd used the handcuffs to pull him back and forth after he refused to allow

5

Pouperd and other officers to remove the handcuffs, and he suffered unspecified injuries to his wrists as a result. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)) (further citation and internal quotation marks omitted). Bloodworth's allegations do not support an inference that the pain Pouperd inflicted was sufficiently serious to rise to the level of an Eighth Amendment violation.

Even if I assume this incident involved something more than a *de minimis* use of force, Bloodworth does not allege any facts which could support an inference that Pouperd acted "maliciously and sadistically" with the intention of causing harm. Bloodworth offers only the conclusory allegation that Pouperd used "excessive and unnecessary force maliciously with deliberate indifference to his contract and ODRC protocol, his coworkers, and [Bloodworth]." (Doc. No. 1 at 6). In light of Bloodworth's admission that Pouperd was responding to Bloodworth's refusal to allow officers to remove the handcuffs, (Doc. No. 16-1 at 1), Bloodworth's conclusory allegations fall far short of meeting his burden of making "a heightened showing that [Pouperd] acted 'maliciously and sadistically for the very purpose of causing harm.'" *Rafferty*, 915 F.3d at 1094 (quoting *Hudson*, 503 U.S. at 6).

Next, Bloodworth alleges the Defendants acted with deliberate indifference to his medical needs when Defendants failed to take pictures of his injuries or alert a doctor or nurse in the medical unit so that he could be examined. (Doc. No. 1 at 6). "Eighth Amendment jurisprudence clearly establishes that 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain"' that is violative of the Constitution." *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (quoting *Estelle*, 429 U.S. at 104) (further citation omitted). This claim also contains an objective and a subjective factor. The objective factor "requires that the

6

deprivation alleged be of a sufficiently serious need." *Darrah*, 865 F.3d at 367. "The subjective requirement 'follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Id.* at 368 (quoting *Farmer*, 511 U.S. at 834) (further citation omitted).

Bloodworth alleges he suffered "injuries." (Doc. No. 1 at 6); (*see also* Doc. No. 16-3 at 1 (claiming he suffered injuries to his wrists)). Even when read in the light most favorable to him, Bloodworth's allegations do not identify a "sufficiently serious [medical] need." Bloodworth's conclusory assertions of injury do not rise to the level of deliberate indifference under the Eighth Amendment. Moreover, Bloodworth's supplemental filings entirely contradict his initial allegation that he was not given medical attention, (*see* Doc. No. 1 at 6), as he submitted documentation proving he in fact was seen by the medical staff on the same day as the incident, October 23, 2019. (Doc. No. 16-2). There is no suggestion anywhere in the record that Bloodworth needed to be examined by medical staff immediately, and the fact that department policy may have required Defendants to take Bloodworth to the medical unit sooner, (*see* Doc. No. 1 at 6-7), does not establish a violation of Bloodworth's constitutional rights. *See, e.g., Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007) (Alleged violations of state law or procedure alone do not support a § 1983 claim) (citations omitted). Bloodworth fails to state a claim for deliberate indifference to his medical needs.

Bloodworth's failure-to-protect claim falls short as well. "An inmate who claims a violation of his Eighth Amendment rights based on a failure of the prison officials to prevent harm must make two showings: first, that he was incarcerated under conditions that posed a substantial risk of serious harm, and second, that the prison official had a sufficiently culpable state of mind – one of 'deliberate indifference' to inmate health or safety." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 464 (6th Cir. 2001) (citing *Williams v. Mehra,* 186 F.3d 685, 691-92 (6th Cir. 1999) (en banc) and *Farmer,* 511 U.S. at 834).

I already have concluded above that Bloodworth has not plausibly alleged a "sufficiently serious" use of force to establish an Eighth Amendment violation. Therefore, his allegations also fail to satisfy the required objective component of a deliberate indifference claim. *See, e.g., Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (A plaintiff alleging a prison official failed to prevent harm to the inmate in violation of the Eighth Amendment must show the resulting harm was "'sufficiently serious.'") (quoting *Farmer*, 511 U.S. at 834).

Lastly, and to the extent his complaint may be read to assert such claim, Defendants also argue that Bloodworth has not stated a claim for relief based upon the Defendants' alleged failure to thoroughly investigate his grievance. (Doc. No. 12 at 11-12). As Defendants note, "there is no inherent constitutional right to an effective prison grievance system." *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Therefore, Bloodworth also fails to state a claim on this basis.

Bloodworth fails to state a plausible claim for relief as to any of the bases set forth in his complaint. Therefore, I grant Defendants' motion to dismiss in its entirety.

### C. MOTIONS FOR COUNSEL

Bloodworth has filed a total of five motions for the appointment of counsel, three of which remain pending. (Doc. Nos. 30, 33, and 37). The Sixth Circuit has held there is no statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996)*; see also Abdur-Rahman v. Michigan Dept. of Corrections,* 65 F.3d 489, 492 (6th Cir. 1995); and *Willett v. Wells,* 469 F. Supp. 748 (E.D. Tenn. 1977), *aff'd,* 595 F.2d 1227 (6th Cir. 1979). Appointment of counsel in a civil action is a privilege and is justified only by exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993). Appointment of counsel is not appropriate in a case in which the plaintiff's claims lack merit. *See id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)).

8

I conclude Bloodworth has not shown there are exceptional circumstances which would warrant the appointment of counsel in this case and decline to exercise my discretion to appoint counsel. Bloodworth's motions for counsel are denied.

## V. CONCLUSION

For the reasons stated above, I grant Bloodworth's pending motion for an extension of time to file his response to Defendants' motion to dismiss, (Doc. No. 22), and deem his response as timely filed. I deny Defendants' motions to strike, (Doc. Nos. 17 and 25), and Bloodworth's motions for counsel. (Doc. Nos. 30, 33, and 37). I deny as moot Bloodworth's motion for a hearing to determine Defendants' Eleventh Amendment immunity, (Doc. No. 4), and his motion for discovery. (Doc. No. 36). Finally, I grant Defendants' motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). (Doc. No. 12).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge